**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| ASHLEY VACANTE,<br><br>    Plaintiff,<br><br>v.<br><br>NAVIENT SOLUTIONS, LLC; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION, LLC,<br><br>    Defendants. | Case No.: 1:22-cv-556<br><br>**Complaint for Damages:**<br>    1.  **Violation of Fair Credit Reporting Act** |

Plaintiff, Ashley Vacante, by and through undersigned counsel, upon information and belief, hereby complains as follows:

### INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and as the Plaintiff resides in and the injury occurred in Arapahoe County, Colorado and Defendants do business in Colorado.

4. Personal Jurisdiction exists over Defendants as Plaintiff resides in Colorado, Defendants have the necessary minimum contacts with the state of Colorado, and this suit arises out of specific conduct with Plaintiff with Colorado.

**PARTIES**

5. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Arapahoe, Colorado.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Navient Solutions, LLC ("Navient") exists and operates under the laws of the State of Colorado and has a registered agent of Corporation Service Company, 135 N. Pennsylvania Street, Ste. 1610, Indianapolis, IN 46204.

8. Defendant Experian Information Services, Inc. ("Experian") is a limited liability company existing and operating under the laws of the State of Colorado that engages in the business of maintaining and reporting consumer credit information.

9. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Colorado and has designated the following registered statutory agent: C T Corporation System 7700 E Arapahoe Rd Ste 220, Centennial, CO 80112-1268.

10. Defendant Equifax Information Services, LLC. ("Equifax") is a limited liability company existing and operating under the laws of the State of Colorado that engages in the business of maintaining and reporting consumer credit information.

11. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Colorado of Corporation Service Company 1900 W. Littleton Boulevard, Littleton, CO 80120.

12. Defendant Transunion, LLC. ("Transunion") is a limited liability company existing and operating under the laws of the State of Colorado that engages in the business of maintaining and reporting consumer credit information.

13. Transunion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Colorado of The Prentice-Hall Corporation System, Inc., 1900 W. Littleton Blvd. Littleton, CO 80120.

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

14. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Navient, Experian, Equifax, and Transunion (collectively "Defendants"), and has suffered particularized and concrete harm.

15. Experian, Equifax, and Transunion are three of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

16. The CRA's primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

17. Experian, Equifax, and Transunion each have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

18. On or about June 2021 Plaintiff discovered Defendant Navient was erroneously reporting an account ("Account") with a balance due on Plaintiff's Experian, Equifax, and Transunion consumer reports.

19. Plaintiff settled the Account in full with Navient and no balance is currently due and owing.

20. Despite receiving the full benefit of the settlement with Plaintiff, Navient continued to report a balance due on the Account.

21. Experian, Equifax, and Transunion each published the false information regarding Plaintiff to third parties.

22. The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

### WRITTEN DISPUTE

23. After discovering the inaccurate information on Plaintiff's Experian, Equifax, and Transunion report, Plaintiff sent a written dispute letter to Experian, Equifax, and Transunion ("Dispute Letters"), disputing the inaccurate information regarding the Navient account reporting on Plaintiff's consumer reports.

24. Upon information and belief, Experian, Equifax, and Transunion each forwarded Plaintiff's Dispute to Navient for reinvestigation.

25. Upon information and belief, Navient received notification of Plaintiff's Dispute from Experian.

26. Upon information and belief, Navient received notification of Plaintiff's Dispute from Equifax.

27. Upon information and belief, Navient received notification of Plaintiff's Dispute from Transunion.

28. Upon information and belief, Navient verified the erroneous information associated with the Account to Experian, Equifax, and Transunion.

29. Navient failed to conduct a reasonable investigation, failed to contact Plaintiff or any third-parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

30. Experian, Equifax, and Transunion failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

31. Upon information and belief, Navient failed to instruct Experian to remove the false information reporting on Plaintiff's consumer report.

32. Upon information and belief, Navient failed to instruct Equifax to remove the false information reporting on Plaintiff's consumer report.

33. Upon information and belief, Navient failed to instruct Transunion to remove the false information reporting on Plaintiff's consumer report.

34. Experian, Equifax, and Transunion each employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

35. At no point after receiving the Disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Disputes.

36. Experian, Equifax, and Transunion each relied on their own judgment and the information provided to them by Navient, rather than grant credence to the information provided by Plaintiff.

## Count I – NAVIENT

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

37. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

38. After receiving the Dispute Letters, Navient failed to correct the false information regarding the Navient account reporting on Plaintiff's consumer reports.

39. Navient violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's Dispute Letters; by failing to review all relevant information regarding Plaintiff's Dispute Letters; by failing to accurately respond to credit reporting agencies; by verifying false

information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

40. As a result of this conduct, action, and inaction of Navient, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

41. The conduct, action, and inaction of Navient was willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

42. In the alternative, Navient was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover costs and attorneys' fees from Navient pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT II – Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

44. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

45. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

46. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each published and maintained concerning Plaintiff.

47. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation,

emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

48. The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

49. In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

50. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

51. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

52. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

53. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

54. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

55. The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

56. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

57. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT IV – Equifax

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

58. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

59. After receiving the Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

60. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each published and maintained concerning Plaintiff.

61. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

62. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

63. In the alternative, Equifax was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

64. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT V – Equifax

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

65. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

66. After receiving the Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

67. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

68. As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

69. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

70. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

71. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

///

///

**COUNT VI – Transunion**

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

72. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

73. After receiving the Dispute, Transunion failed to correct the false information reporting on Plaintiff's consumer report.

74. Transunion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each published and maintained concerning Plaintiff.

75. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

76. The conduct, action, and inaction of Transunion was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

77. In the alternative, Transunion was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

78. Plaintiff is entitled to recover costs and attorneys' fees from Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**COUNT VII – Transunion**

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

79. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

80. After receiving the Dispute, Transunion failed to correct the false information reporting on Plaintiff's consumer report.

81. Transunion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

82. As a result of this conduct, action and inaction of Transunion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

83. The conduct, action, and inaction of Transunion was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

84. In the alternative, Transunion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

85. Plaintiff is entitled to recover costs and attorneys' fees from Transunion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3.     Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4.     The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted this March 7, 2022

                    MCCARTHY LAW, PLC

*/s/ Jacob W. Hippensteel*
Jacob W. Hippensteel
Jacob.Hippensteel@mccarthylawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447

Attorney for Plaintiff